## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,            :

        **Plaintiff,**            :

        **v.**            :            **Civil No.**

**$38,386.00 in U.S. CURRENCY,**            :

        **Defendant.**            :

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.      This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841 and therefore is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), and was involved in violations of Trafficking in Contraband Cigarettes, 18 U.S.C. § 2342, and therefore is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### THE DEFENDANT *IN REM*

2.      The defendant property consists of $38,386.00 in United States currency (hereinafter, the "Defendant Currency") seized on March 7, 2014, by the Maryland State Police Department

during a traffic stop of a 2014 Chevrolet Suburban rental vehicle bearing Maryland registration 8BC9441 and operated by Sharaf Al Saidi.

3.      The Defendant Currency is presently in the custody of the Department of Homeland Security in Maryland.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881 and 18 U.S.C. § 981(a)(1)(C).

5.      This court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.      The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.  The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §

2

981(a)(1)(C) because it is property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 2342 (knowingly ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes).

## FACTS

8.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Robert J. Cameron, Special Agent for the Department of Homeland Security, Homeland Security Investigations, which is incorporated herein by reference.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Currency be cited to appear herein and answer the Complaint; that the Defendant Currency be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Department of Homeland Security, or any other duly authorized law enforcement agency, dispose of the Defendant Currency according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Date:  9|10|14

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $38,386.00 in United States currency.

I, Robert J. Cameron, special agent of the Department of Homeland Security, Homeland Security Investigations, submit that there are sufficient facts to support a reasonable belief that the $38,386.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and proceeds from trafficking in contraband cigarettes and smokeless tobacco in violation of 18 U.S.C. § 2342, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

### First Stop: March 7, 2014

a.   On March 7, 2014, at approximately 10:10 a.m., Sergeant Mike Conner ("Sgt. Conner") of the Maryland State Police ("MSP") Proactive Criminal Enforcement ("PACE") team stopped a 2014 Chevrolet Suburban rental vehicle bearing Maryland license 8BC9441 ("the Suburban") on Southbound Interstate 95, in Cecil County, Maryland, for speeding and following too closely. The Suburban was operated by Sharaf Al Saidi ("Al Saidi") of the Bronx, New York.

b.   The Suburban was rented by an absent third party identified on the Avis rental agreement as Yasenen Mohamed ("Yasenen").

c.   The rental agreement further indicated that the Suburban was rented on February 6, 2014, in Richmond, Virginia, and was due back to Richmond on March 6, 2014.

d.   Al Saidi was not listed on the rental car agreement.

e.   Al Saidi said that his cousin, Yesma (last name unknown), had rented the Suburban.

f.   During the traffic stop, Sgt. Conner detected indicators of criminal activity. Indicators included Al Siadi's rapid breathing and sweating, and Al Saidi later complaining of not understanding English despite conversing with Sgt. Conner with no issues during the course of the initial stop.

g.   Senior Trooper Melissa Connolly ("S. Tpr. Connolly") responded to the scene with K9 Leyna, a dog trained to detect the odor of narcotics. S. Tpr. Connolly and K9 Leyna conducted an exterior free air sniff around the Suburban, and K9 Leyna alerted positive to the odor of narcotics.

h.   A search of the Suburban was conducted by MSP officers.

i.   During the search of the Suburban, officers discovered and seized approximately 40 grams of suspected Khat, a controlled substance.

j.   During the search of the Suburban, officers located a large amount of United States currency, later determined to be $32,771.00, inside a shopping bag in the center console.

k.   Officers located another bag containing $5,615.00 behind the passenger seat.

l.   The currency was packed in a manner consistent with that of drug traffickers and transporters of illicit proceeds.

m.   Due to the events during the traffic stop, statements made by Al Saidi, and the manner in which the currency was packaged, the MSP seized the currency.

n.   The total amount of United States currency seized was $38,386.00.

o.   Al Saidi told Sgt. Conner that the currency was intended to purchase a store in Virginia.

p.   Officers transported Al Saidi and the seized currency to the John F. Kennedy Highway MSP Barracks ("the MSP Barracks") located in Perryville, Maryland.

q.   At the MSP Barracks, Special Agent Robert J. Cameron (the undersigned affiant, hereinafter, "Agent Cameron") interviewed Al Saidi regarding the stop and seizure.

r.   Al Saidi claimed that the currency belonged to his cousin, Ibrahim Al Saidi ("Ibrahim").

s.   Ibrahim allegedly directed Al Saidi to drive to a store owned by Ibrahim named Dire Deli located in the Bronx, New York. Once at the store, an employee gave Al Saidi a bag containing money. Al Saidi thought there was about $36,000 in the bag. Al Saidi was on route to an area off exit 184 on Interstate 95 in Virginia to bring the money to Ibrahim. Al Saidi claimed this was his first trip of this nature and he had no prior involvement in transporting currency.

Second Stop: April 10, 2014

t.   Al Saidi was the subject of another currency seizure conducted by PACE and Agent Cameron on April 10, 2014. During this encounter $39,961.00 in United States currency was seized.

u.  On April 10, 2014, at approximately 11:42 a.m., MSP Trooper First Class Josh
    Seiders ("TFC Seiders") of the PACE team stopped a 2014 Toyota Rav 4 ("the
    Toyota") along Southbound Interstate 95 in Cecil County, Maryland, for
    speeding. The Toyota, a Hertz rental, displayed Virginia registration WSA9655.

v.  TFC Seiders identified the driver of the Toyota as Sharaf Al Saidi ("Sharaf") and
    the renter/occupant as Ebrahim Al Saidi ("Ebrahim") by their New York driver's
    licenses.

w.  Both Sharaf and Ebrahim admitted to the MSP PACE members that they were
    traveling from New York City to Richmond, Virginia. However, they told
    conflicting stories as to why they had the currency and their dates of travel.

x.  A Hertz receipt revealed that Ebrahim rented the vehicle in Richmond, Virginia
    on April 4, 2014, and the vehicle was due for return on April 11, 2014.

y.  Due to criminal indicators and conflicting stories, a request for a K-9 search was
    made by TFC Seiders. S. Tpr. Connolly and K9 Leyna responded and conducted
    an exterior free air sniff around the Toyota, and K9 Leyna alerted positive to the
    odor of narcotics.

z.  During the search of the Toyota, TFC Seiders located a large amount of United
    States currency inside of a shopping bag on the right front floor board.

aa. Officers also discovered an invoice from California Imports in Ashland, Virginia.
    The invoice reflected the sale of 660 cartons of Newport cigarettes for
    $32,340.00, sold on April 8, 2014, to ATOZ Wholesale, Inc. c/o Ebrahim Saidi,
    9825 Tartuffe Drive, Henrico, Virginia 23238, telephone number 646-309-1600.

bb.   Sharaf was interviewed by Agent Cameron (who recognized Sharaf as the same subject involved in the March 7, 2014, seizure) and provided the following account of their travel and use of the currency: Sharaf and Ebrahim allegedly traveled to the Bronx, New York on April 9 at the behest of Sharaf's cousin Abdul Alwed Halat ("Halat") with instructions to pick up money from Halat's son. Sharaf and Ebrahim met with someone on White Plains Road in the Bronx who provided them with the currency. On April 10, Sharaf and Ebrahim were traveling back to Virginia with instructions to contact Halat when they were in Virginia to determine where to drop off the money. Sharaf claimed that Ebrahim was not aware of the money.

cc.   Ebrahim was interviewed by Agent Cameron and claimed they traveled from Virginia to the Bronx, New York on or about April 5 and visited relatives while he took care of his class schedule at Hunter College. Ebrahim provided a cell phone number (646-309-1600) which is the same number from the aforementioned invoice. Ebrahim said that the currency was from their uncle Mohamed Al Saidi. Ebrahim said the currency totaled about $39,000 and was intended to be used to purchase a store in Virginia from another relative who was not named.

dd.   The total amount of United States currency seized during the April 10, 2014, stop was $39,961.00. A federal administrative forfeiture action is pending against this seized currency.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE AND HOMELAND SECURITY INVESTIGATIONS, IN REFERENCE TO THE SEIZURE OF $38,386.00 IN UNITED STATES CURRENCY FROM SHARAF AL SAIDI, ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Robert J. Cameron
Special Agent
Homeland Security Investigations

## **VERIFICATION**

I, John J. Truex Chung, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Department of Homeland Security and that everything contained therein is true and correct to the best of my knowledge and belief.

Date: 9/10/2014

John J. Truex Chung
Contract Attorney
Forfeiture Support Associates, LLC

## **MEMORANDUM**

DATE:            September 10, 2014

TO:              Paula M. Rigby / Julie Bedenbaugh
                 Department of Homeland Security
                 U.S. Customs & Border Protection

FROM:            Jennifer Stubbs
                 Paralegal Specialist
                 U.S. Attorney's Office - District of Maryland

RE:              **U.S. v. $38,386.00 in U.S. Currency**

                 <u>Civil Action No.</u>

                 **CATS  ID No. 14-CBP-000261**
                 **Agency Case No.  2014-1303-000271-01**

        The United States has filed a forfeiture action against **$38,386.00 in U.S. Currency.**   A copy of the Complaint for Forfeiture is attached.

        Notice of this seizure will be published at <u>www.forfeiture.gov</u> pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

        Thank you.




Attachment

## Department of Homeland Security
*Federal Law Enforcement Agencies*
### PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>**UNITED STATES OF AMERICA** | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>**$38,386.00 in U.S. Currency** | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize<br>**2014-1303-000271-01 / 14-CBP-000261** |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Jennifer Stubbs, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property.  Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [ X ]Plaintiff [ ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Sep 10, 2014 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service [ ] AM [ ] PM | |
| | Signature, Title and Treasury Agency | | |

REMARKS:

**TD F 90-22.48 (6/96)**

*Make (5) copies after form is signed.  SEND ORIGINAL + 4 COPIES to TREASURY AGENCY.  Retain Copy #5 for your file.*